1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9  THOMAS R. GILBERT,                        CV F 02 6243 OWW SMS P

10                       Plaintiff,

11        v.                                 FINDINGS AND RECOMMENDATIONS
                                             REGARDING MOTION TO
                                             DISMISS/MOTION FOR SUMMARY
12                                           JUDGMENT (Doc. 31-1, 31-2.)

     SGT. B. GRIFFIN, et. al.,
13
                         Defendants.
14  _____/

15
16        Thomas R. Gilbert ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on

     October 9, 2002.  By order filed January 7, 2003, the Court dismissed the Complaint, with leave
18
     to amend.  Plaintiff filed an Amended Complaint on February 7, 2003.  The Court found the
19
     Amended Complaint stated a cognizable First Amendment claim for mail interference and state
20
     law claim of negligence against Defendant Childress only.  The Court ordered service of the
21
     Complaint on Defendant on November 4, 2004.
22
          On November 7, 2005, Defendant Childress moved to dismiss the action on the grounds
23
     that Plaintiff failed to exhaust his administrative remedies.  In the alternative, Defendant moved
24
     for summary judgment.  Plaintiff did not file an Opposition to the Motion.
25
     **A.  SUMMARY OF COMPLAINT**
26
          In his Amended Complaint, Plaintiff alleges that he submitted to Defendant Childress an
27
     envelope which contained a mail order form for a magazine and 230 postage stamps worth
28

                                             1

1  $78.00.  Plaintiff alleges that he submitted the envelope to prison officials who did not seal or

2  mail the envelope, and instead it was returned to plaintiff with the 230 postage stamps missing.

3  Plaintiff alleges that prison officials purposefully and intentionally did not seal the envelope

4  causing the postage stamps to be lost or stolen.  Plaintiff is seeking monetary damages.

5  **B. EXHAUSTION**

6       Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

7  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

8  a prisoner confined in any jail, prison, or other correctional facility until such administrative

9  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a)

10 exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534

11 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

12 the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

13 administrative process can provide some sort of relief on the complaint stated. Booth v. Churner,

14 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need

15 not meet federal standards, nor must they be 'plain, speedy, and effective.' ' Porter, 534 U.S. at

16 524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit. McKinney

17 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is

18 pending. McKinney, 311 F.3d at 1199-1201.

19      The California Department of Corrections has an administrative grievance system for

20 prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

21 department's jurisdiction may appeal any departmental decision, action, condition, or policy

22 which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at

23 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,

24 second formal level, and third formal level, also known as the "Director's Level." Cal. Code

25 Regs. tit 15, § 3084.5 (2004).

26      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

27 defense under which defendants have the burden of raising and proving the absence of

28 exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In order to meet this

1  burden, Defendants must show that further administrative remedies are available to Plaintiff.

2  Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).  The Ninth

3  Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been

4  rejected as untimely and he could "go no further in the prison's administrative system; no

5  remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

6       The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is

7  subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt,

8  315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

9  368 (9th Cir. 1998) (*per curiam*)).  In deciding a motion to dismiss for failure to exhaust

10  administrative remedies, the court may look beyond the pleadings and decide disputed issues of

11  fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust

12  administrative remedies, the proper remedy is dismissal without prejudice.  Id.  The Ninth

13  Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire

14  action when a Section 1983 complaint contains both exhausted and unexhausted claims.  Lira v.

15  Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

16       In this case, Defendants argue that Plaintiff did not exhaust his administrative remedies

17  with respect to his First Amendment claim.  In support, Defendants provide the Court with

18  documentary evidence showing that although Plaintiff did file a grievance concerning the loss of

19  the stamps, he did not pursue his appeal to the Director's level.  (Grannis Decl., Exh. A, A-1

20  Motion to Dismiss ["Motion"].)

21       The Court notes that the receipt of a Director's Level decision is not always necessary for

22  exhaustion to occur.  For example, in some circumstances, the granting of an inmate appeal at a

23  lower level may satisfy the exhaustion requirement.  See Ross v. County of San Bernalillo, 365

24  F.3d 1181, 1187 (10th Cir. 2004); Clement v. California Dept. of Corr., 220 F.Supp.2d 1098,

25  1106 (N.D. Cal. Sept. 9, 2002); Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17,

26  2002); Gomez v. Winslow, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001).   However, this is

27  not the case here.

28       In this case, the record shows that Plaintiff filed an appeal concerning the allegations in

1    this action at the informal level, the first formal level which was denied on April 5, 2005, and the

2    Second level, which was denied on May 2, 2002.  (Exh. B, pgs 2-4, 9, Motion.)   However,

3    Plaintiff did not pursue his claim to the Director's level and thus, did not exhaust his

4    administrative remedies.  Accordingly, dismissal is appropriate.

5    **B.  STATE LAW NEGLIGENCE CLAIM**

6         As noted by Defendant, the Court also found that Plaintiff stated a state law negligence

7    claim.  However, upon review, it does not appear that Plaintiff alleged in his Amended

8    Complaint compliance with the California State Tort Claims Act.

9         The California Tort Claims Act requires that tort claims against a public entities or its

10   employees be presented to the State Board of Control no more than six months after the cause of

11   action accrues.  Cal. Gov't Code §§ 905.2, 945.4, 950-950.6.  To state a tort claim against a

12   public employee, the plaintiff *must allege* compliance with the Tort Claims Act.  <u>Mangold v.</u>

13   <u>California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) (*citing* <u>Snipes v. City of</u>

14   <u>Bakersfield</u>, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); <u>McQuoid v. Rubin</u>,

15   No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997).

16        In this case, Plaintiff did not allege compliance with the state tort claims act in his

17   Amended Complaint and thus, dismissal is warranted.  In any event, because the Court has

18   recommended dismissal of the federal claim for failing to exhaust, dismissal of the state law

19   claim is also appropriate.

20   **C.  RECOMMENDATION**

21        Accordingly, the Court RECOMMENDS that the Motion to Dismiss on the basis of

22   Plaintiff's failure to exhaust his administrative remedies be GRANTED and the action be

23   dismissed in its entirety.  In light of this recommendation, the Motion for Summary Judgment

24   should be DISREGARDED.

25        The Court HEREBY ORDERS that these Findings and Recommendations be submitted

26   to the United States District Court Judge assigned to this action pursuant to the provisions of 28

27   U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

28   District Court, Eastern District of California.  Within THIRTY (30) days after being served with

1  a copy of these Findings and Recommendations, any party may file written Objections with the

2  Court and serve a copy on all parties.  Such a document should be captioned "Objections to

3  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

4  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

5  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

6  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

7  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

8  (9th Cir. 1991).

9

10

11  IT IS SO ORDERED.

12  **Dated:    March 21, 2006**            _____/s/ Sandra M. Snyder_____
    icido3                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28