UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. GILBERT,<br><br>              Plaintiff,<br><br>vs.<br><br>SGT. B. GRIFFIN, et al.,<br><br>              Defendants.<br>_____/ | 1:02-cv-06243-OWW-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 33)<br><br>**ORDER GRANTING MOTION TO DISMISS** (Doc. 31-1)<br><br>**ORDER DISMISSING ENTIRE ACTION**<br><br>**ORDER DISREGARDING MOTION FOR SUMMARY JUDGMENT** (Doc. 31-2) |

   Thomas R. Gilbert ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On March 22, 2006, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  To date, the parties have not filed objections to the Magistrate Judge's Findings and Recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. In addition, however, the Court notes that Plaintiff's allegations concerning the unauthorized deprivation of property fail to state a cognizable claim for relief under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available). As such, the action will be dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 22, 2006, are ADOPTED IN FULL;

2. Defendant's motion to dismiss on the basis of plaintiff's failure to exhaust his administrative remedies is GRANTED;

3. The action is therefore DISMISSED in its entirety, with prejudice; and,

4. Defendant's motion for summary judgment is therefore DISREGARDED.

IT IS SO ORDERED.

**Dated:   May 24, 2006**            /s/ Oliver W. Wanger
emm0d6                    UNITED STATES DISTRICT JUDGE